VICENTE TORRES, Plaintiff and Appellee, *v.* RAFAEL VELÁZQUEZ, Defendant and Appellant.

No. 5226.   Argued February 12, 1931.—Decided February 26, 1932.

J. *Valldejuli* for appellant.   F. *Cervoni* for appellee.

Mr. Justice Aldrey delivered the opinion of the Court.

Rafael Velázquez has appealed from a judgment directing him to pay a certain sum of money to Vicente Torres, as damages.

On February 20, 1928, the appellant owned two motor-busses (*guaguas*) respectively designated as "Genoveva" and "Adelina" and which he operated for the transportation of passengers between Humacao and Yabucoa. In the afternoon of the same day, the "Genoveva," traveling from Yabucoa to Humacao, and the "Adelina," going in the opposite direction, both keeping to their right on the road, the "Adelina" driven by the owner of both vehicles, Rafael Velázquez, an the other by his employee, Ramón Vázquez, met on a curve known as Aguas Largas, distant a few kilometers from Yabucoa, and at that moment appellee Vicente Torres suffered the fracture of the ulna and radius of his left arm. How this accident occurred will be described further on in this opinion.

The appellant urges as a first ground for his appeal that the complaint does not state facts sufficient to constitute a cause of action. It was alleged therein that when the two vehicles met, the "Genoveva" in order to allow the "Adelina" to pass attempted to go over a heap of sand that was there and the "Genoveva" tilted so much that the plaintiff thought that it was going to turn over, at which moment the vehicle fell back by reverse action of the motor, shaking the plaintiff in his seat who, unconsciously obeying the

instinct of self-preservation, grabbed with his left hand one of the cross-bars separating the windows in such manner that his left forearm protruded somewhat from the motorbus, and at that moment the "Adelina" approached in an attempt to pass and at the same time support the "Genoveva" so as to prevent it from over-turning, and crushed plaintiff's forearm fracturing its two bones. The facts as set forth in the complaint constitute negligence on the part of the defendant and his employee, and therefore we can not hold that the complaint is insufficient for the action brought.

The second ground of appeal urged is without importance, as the appellant himself admits. The setting of the case for trial in the lower court before the filing of an answer to the complaint did not prejudice the defendant in any way, since the answer had already been filed when the trial was held, and the defendant introduced all his evidence at the trial.

The fourth error assigned is that judgment was rendered by the trial court without making formal findings of fact in support thereof. Apart from the fact that the error thus assigned is not of an essential character justifying a reversal, as held by us in *France and N. Y. Medicine Co.* v. *Reily et al.*, 31 P.R.R. 617, it is declared in the statement of the case and opinion on which the judgment rests that the evidence was conflicting; but that in view of the testimony of Dr. Presly the court reached the conclusion that the injury received by the plaintiff was caused by a crush, as shown by the evidence for plaintiff; and therefore we can not reverse the judgment on such ground.

The remaining errors assigned relate to the evidence and hence may be considered together.

The evidence shows that the place on the curve at which the two motorbusses met is a narrow one. The evidence for the plaintiff tended to show that on reaching that place the "Genoveva" attempted to climb over a heap of sand that was there, in order to make room for the "Adelina," and in

so doing the "Genoveva" fell back and tilted towards the middle of the road, the passengers getting frightened by the commotion, and at that moment the appellee took hold of a pole close by the window where he was, and that the "Adelina" then passed, crushing his left arm and fracturing the two bones thereof. According to Dr. Presly, the appellee suffered a compound comminute fracture of the bones of his left forearm; that in the higher fracture the bones were broken into pieces for a distance of six inches; that in those six inches there were some ten or twelve fragments of bones with tumefaction of the hanging tissues of the forearm, from a little below the elbow to the tip of the fingers, with the consequent hemorrhage and transmutation of blood; that the tumefaction reached the nails which bled; that the injury was caused by compression; that he will not regain the use of his arm which will become useless, being unable to lift his hand or bend the wrist, and that it showed external evidence of bruises which started a little below the elbow and extended to the nails of the same hand, all the forearm being red, with erosions and hemorrhages. The testimony of this expert witness went uncontradicted.

The evidence for the appellant tended to show that the motorbuses in question neither touched nor collided on that occasion and was material in the sense that at the time of the accident and shortly after the injured person had been carried to the police station in Yabucoa, the appellant stated that the accident was due to his having put his arm and head out of the window in order to expectorate. A similar statement was made on the following day by a sister of the appellee, who was traveling in the motorbus, to the attorney of the insurance company. She did not deny it at the trial but tried to explain it.

It may be seen from the foregoing that the evidence was greatly conflicting as to how the facts occurred, but we do not think that the lower court committed a manifest error in adjusting the conflict in favor of the appellee, the more so

since according to the testimony of Dr. Presly the injury was caused by the crushing of the forearm and this sustains the theory of the appellee.

The appellee is a painter who earned from $5 to $6 a day when working on special contracts, and from $3.50 to $4 if on a daily-wage basis. Therefore, the sum of $3,000 awarded him as damages does not seem to us excessive.

The judgment appealed from should be affirmed.